IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03089-BNB

MANUEL DePINEDA,

      Applicant,

v.

TOM CLEMENTS, Warden of all CDOC,
JANICE B. DAVIDSON, C.J. Colorado Ct. Of Appeals, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Manuel DePineda, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. DePineda has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  Although Mr. DePineda lists a Colorado Court of Appeals case number as the case number of the conviction he is challenging (*see* ECF No. 1 at 2), it is apparent that Mr. DePineda actually is challenging the validity of his state court conviction and sentence in case number 88CR1103 in the Denver District Court (*see id.* at 14).  For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. DePineda previously has sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254 challenging the validity of the same state court conviction and sentence.  *See DePineda v. McKenna*, No. 90-cv-01443-SGF-DEA (D. Colo. Oct. 17,

1990), *appeal dismissed*, No. 90-1312, 1991 WL 65066 (10th Cir. Apr. 24, 1991);

*DePineda v. Gunter*, No. 91-cv-00977-DBS-RMB (D. Colo. Aug. 5, 1991), *appeal

dismissed*, No. 91-1294, 1991 WL 268841 (10th Cir. Dec. 11, 1991); *DePineda v.

Cooper*, No. 92-cv-01400-LTB (D. Colo. Nov. 16, 1992), *aff'd*, No. 93-1212, 1993 WL

482907 (10th Cir. Nov. 22, 1993); *DePineda v. Gunter*, No. 93-cv-00446-EWN (D. Colo.

Apr. 30, 1994); *DePineda v. Zavaras*, No. 93-cv-02665-LTB (D. Colo. Jan. 20, 1994),

*aff'd*, No. 94-1052, 1994 WL 475019 (10th Cir. Sept. 1, 1994); *DePineda v. Golder*, No.

03-cv-01106-ZLW (D. Colo. July 1, 2003); *DePineda v. Ortiz*, No. 04-cv-01199-ZLW (D.

Colo. July 20, 2004); *DePineda v. Ortiz*, No. 05-cv-00691-ZLW (D. Colo. Apr. 22, 2005);

*DePineda v. Milyard*, No. 09-cv-02009-ZLW (D. Colo. Sept. 16, 2009), *appeal

dismissed*, No. 09-1424 (10th Cir. Dec. 10, 2009); *DePineda v. Milyard*, No. 09-cv-

02594-ZLW (D. Colo. Nov. 20, 2009), *appeal dismissed*, No. 09-1540 (10th Cir. Feb. 11,

2010); *DePineda v. Clements*, No. 12-cv-02066-LTB (D. Colo. Aug. 14, 2012).  One of

these prior actions was dismissed without prejudice for failure to exhaust state

remedies.  *See* 92-cv-01400-LTB.  Four were dismissed on the merits.  *See* 93-cv-

02665-LTB; 93-cv-00446-EWN; 91-cv-00977-DBS-RMB; 90-cv-01443-SGF-DEA.

Three others were transferred to the Tenth Circuit because Mr. DePineda had not

obtained authorization from that court to file a second or successive application.  *See*

05-cv-00691-ZLW; 04-cv-01199-ZLW; 03-cv-01106-ZLW.  Mr. DePineda's most recent

habeas corpus actions were dismissed for lack of jurisdiction because he had not

obtained the necessary authorization to file a second or successive application.  *See*

12-cv-02066-LTB; 09-cv-02594-ZLW; 09-cv-02009-ZLW.

      Although Mr. DePineda fails to list these prior actions in the application (*see* ECF

No. 1 at 7), the Court may take judicial notice of its own records and files that are part of the Court's public records, *see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). The Court has examined the records for the cases listed above and finds that Mr. DePineda previously has challenged the validity of the same conviction. Therefore, the Court finds that the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. DePineda must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. DePineda does not allege that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must

either dismiss the application for lack of jurisdiction or, if it is in the interest of justice,

transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  *In re*

*Cline*, 531 F.3d at 1252.  The factors to be

> considered in deciding whether a transfer is in the interest of
> justice include whether the claims would be time barred if
> filed anew in the proper forum, whether the claims alleged
> are likely to have merit, and whether the claims were filed in
> good faith or if, on the other hand, it was clear at the time of
> filing that the court lacked the requisite jurisdiction.

*Id*. at 1251.  When the claims being raised in the second or successive application

clearly do not meet the statutory requirements set forth in § 2244(b)(2), "a district court

does not abuse its discretion if it concludes it is not in the interest of justice to transfer

the matter."  *See id.* at 1252.

Mr. DePineda is not asserting any claims in this action that are based on either a

new rule of constitutional law or newly discovered evidence as required pursuant to §

2244(b)(2).  Therefore, the Court finds that a transfer is not in the interest of justice for

that reason alone.  *See id*.

Consideration of the other relevant factors also supports this conclusion.

Although it appears that Mr. DePineda's claims would be time-barred if filed anew in the

proper forum, it appears that the claims would be time-barred even if Mr. DePineda had

sought proper authorization prior to filing in this Court.  There also is no indication that

the claims Mr. DePineda seeks to raise have any merit.  Finally, it was clear when the

instant action was filed that this Court lacks jurisdiction.  As noted above, Mr. DePineda

has been advised in six prior habeas corpus actions that this Court lacks jurisdiction to

consider his claims in a second or successive application in the absence of

authorization by the Tenth Circuit.  As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice.  Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  30th  day of  November , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court